[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT POSTJUDGMENT (157)
The plaintiff domesticated the New York divorce judgment which terminated the parties' marriage on February 26, 1998 after a trial wherein all issues were contested. The New York court entered many orders as part of its judgment including the following:
Ordered and adjudged that the defendant will within ten days of service of notice of entry, defendant will return to plaintiff all her personal effects, as previously ordered by this court, to wit, plaintiffs jewelry, buiscuit de Sevres statutes and Sevres vases; and it is further
Ordered and adjudged that the defendant will transfer to plaintiff within thirty days of the service of Notice of Entry on defendant, the membership in Manursing Island Club, free of any encumbrance as of the date of transfer and with all membership fees or other charges then due paid in full and plaintiff will be responsible for all subsequent membership fees and expenses which arise after the date of transfer.
The plaintiff has never received her jewelry, the statues or the vases. The defendant's defense offered in defense of this current motion is that they are and were not in his possession CT Page 9866 during the period of the New York trial. This defense, he may well have offered at the New York trial but that court found, as part of its judgment, that he was in possession of these goods and was ordered to return same within ten days, i.e., March 5, 1998. The plaintiff assessed the value of the jewelry to her as a seller, not replacement value or retail value, to be $20,000.00 as the owner of the goods. The plaintiff was unable to assign a market value to the statues or vases. They were in her family for many years.
The court finds that the defendant is in wilful contempt for failing to obey the court order regarding return of the plaintiff's jewelry although over 16 months have passed. The defendant may purge himself of contempt by paying to the plaintiff the sum of $20,000.00 and interest thereon at the rate applied to judgments for the period March 5, 1998 to date of payment which shall be made within 30 days. If payment is not so made in full by said time the defendant shall present himself on September 10, 1999 for further hearing thereon.
The second issue in this motion is the loss of the Manursing Island Club membership one to the defendant's failure to pay the appropriate charges thereby making it impossible for the plaintiff to obtain membership, (Exhibits 4 5). Since the defendant failed to pay the club he is now ordered to pay the plaintiff said charges which may allow her the ability to obtain a membership in a similar club or facility. This failure on the part of the defendant is found to be wilful and without excuse on his part and therefore is also found to be a contempt. He may purge himself of contempt by pay the plaintiff said sum together with interest thereon within 30 days. If payment does not occur, this will also be considered on September 10, 1999.
The remaining items raised in the motion have been previously ruled upon orally from the bench.
So Ordered.
HARRIGAN, J.